# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| DAVID MICHAEL ANSBERRY | )   Case No.   16-mj-01162-MJW |
| | ) |
| *Defendants* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of October 11, 2016, in the county of Boulder in the State and District of Colorado, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 844(i) | Maliciously damages or destroys or attempts to damage or destroy by means of explosive any property used in interstate or foreign commerce. |

This criminal complaint is based on these facts:

See Affidavit attached hereto and herein incorporated by reference.

**X** Continued on attached sheet.

*s/ Kevin Hoyland*
_____
*Complainant's signature*

Kevin P. Hoyland, FBI Special Agent
_____
*Printed name and title*

Sworn to before me and: ☐ signed in my presence.

☒

Date: **10/15/2016**

X submitted, attested to, and acknowledged by reliable electronic means.

City and state: Denver, Colorado

_____
*Printed name and title*

Michael J. Watanabe U.S. Magistrate Judge

## AFFIDAVIT IN SUPPORT OF COMPLAINT

## United States of America v. DAVID MICHAEL ANSBERRY

I, Kevin P. Hoyland, a Special Agent with the Federal Bureau of Investigation ("FBI"), currently assigned to the Denver Division's Fort Collins Resident Agency, being duly sworn, depose and state as follows:

1. Your affiant is an "investigative or law enforcement officer" within the meaning of Section 2510(7) of Title 18, United States Code, and is authorized by law to conduct investigations and make arrests for criminal offenses. Your affiant is a "Federal Law Enforcement Officer" within the meaning of Fed.R.Crim.P.41(a)(2)(C).

## PURPOSE OF AFFIDAVIT

2. Your affiant respectfully submits there is probable cause to believe that DAVID MICHAEL ANSBERRY, date of birth ("YOB") 1952 did commit the violation of 18 United States Code Sections 844(i) (Destruction or attempted destruction of a Building or Property by Means of Fire or Explosive).

3. I have been employed as a Special Agent with the FBI since 2012, investigating a wide variety of federal criminal violations to include violent crimes, narcotics crimes, crimes against children, computer crimes, financial crimes, and other federal violations to include national security matters. As a Special Agent, I have received training and gained experience in interviewing techniques, arrest procedures, search warrant applications, the execution of search and seizures, and various other criminal

laws and procedures. As part of my duties, I investigate individuals who have participated in attempts to damage or destroy property by means of explosives, in violation of Title 18, United States Code, Section 844(i).

4.  The information contained within this affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause that violated Title 18, United States Code,  Section 844(i)(Destruction of Property in Interstate Commerce by Means of Fire and Explosive).

## RELEVANT FACTS PERTAINING TO THE INVESTIGATION

5.  On the morning of 10/11/2016, a Nederland, Colorado police detective noticed a bag sitting in the parking lot outside the police department ("PD") upon his arrival for his shift. The PD is small, consisting of five officers and is located in the only strip mall in town. On either side of the police department, as well as the second story of the strip mall, are retail businesses selling a variety of products in and affecting interstate commerce. Additionally, the parking lot is shared by the primary grocery store in the area. The PD is typically open from 7am-3am and the detective was the first individual there that morning. The detective, thinking that the bag was lost property found by a resident, as is common in that area, picked up the bag and brought it inside the PD. After going about his morning routine, the detective returned to the bag and went to

open it. On opening the bag, the detective discovered that there was a cellular device with wires coming off of the phone, connecting to a battery and a suspicious powder. The detective immediately recognized it as an improvised explosive device and carefully brought the device back outside, before evacuating the PD and neighboring businesses.

6. Upon arrival of the Boulder County Sheriff's Office ("BCSO") bomb squad, the device was systematically decommissioned by a robot by removing pieces of the bomb, to include the cell phone detonator. The cell phone was immediately placed in a makeshift Faraday box to prevent a cellular signal from reaching it. The phone was taken to the BCSO and was forensically analyzed under a warrantless public safety exception. The results of this analysis showed that the telephone number assigned to the detonator was 720-365-8360. Upon review of the call log for that phone, investigators learned that telephone number 720-365-7811 had dialed the detonator multiple times in an attempt to engage the bomb.

7. Both of these phone numbers resolve back to AT&T. When contacting AT&T they told investigators that both telephone numbers were technically handled by a subsidiary of AT&T, TracFone, and thus AT&T would not be able to provide any subscriber information. However, AT&T was able to provide information that both phones were activated on or around 10/04/2016. Additionally, AT&T indicated that both phones would use their network to make and receive calls.

8. Court orders were served on TracFone for both telephone numbers. As part of their response, they included point of purchase information for each of the phones. The

information provided listed the selling company as Blackhawk Network – DSD, 11025 Charter Oak Ranch Road, Fountain, CO. Through using open source checks, investigators found a telephone number for a separate business, Advantage Logistics, utilizing that same address. After being put in touch with their head of security for Advantage Logistics, investigators learned that they are a distribution company for Kroger brand grocery stores, to include King Soopers. The security personnel could not decipher a lot of the transaction codes and numbers associated with the point of purchase provided by TracFone, however did recognize the column "store". Per TracFone, the phone ending in -7811 was purchased at Store 42 on 09/19/2016 at 18:39:21. Phone ending in -8360 was purchased at Store 5 on 09/24/2016 at 17:24:12. The address of each store was researched and Store 5 is located at 1355 Krameria St., Denver, CO while Store 42 is at 2255 N Main St, Longmont, CO.

9.  Agents were dispatched to those locations and were successful in obtaining surveillance video of the purchases. Each purchase was conducted by a short male (later learned to be 3'6"), who had a pony tail, wore a baseball hat and was using crutches. Both transactions were made with cash.

10. Upon learning of the description, the Chief of Police for Nederland, CO remarked that he saw an individual matching that description during evacuations from the Boulder Creek Lodge, a motel across the street from the PD, on the morning that the bomb was discovered. The motel was able to confirm they had a guest the night of the bombing that matched that description and provided a copy of his senior citizens identification card. The information on that card included the following: David Michael

ANSBERRY, date of birth 02/21/1952, address P.O. Box 3517, San Rafael, CA. ANSBERRY is listed as 3'6" tall, weighing 100 pounds. ANSBERRY also provided the phone number 415-310-9878 to the motel.

11. Telephone number 415-310-9878 resolved back T-Mobile. An emergency disclosure request was filed with T-Mobile and they were able to provide the subscriber name on that account as David ANSBERRY, address 1254 Idylberry Drive, San Rafael, CA. However, T-Mobile stated that the account was cancelled on 10/13/2016.

12. Separately, the motel stated that they attempted to call a car service for ANSBERRY. In following up with that taxi service, investigators were provided telephone number 415-209-8206 which ANSBERRY utilized with the taxi company. An emergency disclosure request was filed with Verizon, the carrier of that number, and they were able to provide the subscriber name on that account as David ANSBERRY, address 1254 Idylberry Drive, San Rafael, CA, with a secondary number of 415-310-9878 associated with his account. That number is the same number ANSBERRY provided to the motel (see paragraph 7).

13. A review of the call detail records for the telephone number 415-209-8206 reveals that it made two outbound calls at 9:00am and 10:17am on 10/11/2016 from the single Verizon tower that covers Nederland, CO. This further corroborates that ANSBERRY was in the Nederland area the morning of the bomb placement.

## CONCLUSION

14. Based on the above facts, I believe there is probable cause that DAVID MICHALE ANSBERRY committed a violation of Title 18, United States Code, Section 844(i).

15. I, Kevin P. Hoyland, a Special Agent with the FBI, being duly sworn according to law, hereby state that the facts stated in the foregoing affidavit are true and correct to the best of my knowledge, information and belief.

Respectfully submitted this 15th day of October, 2016.


*s/Kevin Hoyland*
Kevin P. Hoyland
FBI Special Agent


Submitted, attested to, and acknowledged by reliable electronic means on October 15, 2016

BY THE COURT:

MICHAEL J. WATANABE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO


This Application and Affidavit was reviewed and submitted by AUSA Gregory Holloway