IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00341-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    DAVID MICHAEL ANSBERRY

       Defendant.

---

## DAVID ANSBERRY'S PLEA OF GUILTY AND STATEMENT OF FACTS RELEVANT TO SENTENCING (WITHOUT PLEA AGREEMENT)

Defendant, David Michael Ansberry, personally and by counsel, David Johnson and Shira Kieval, submits this Plea of Guilty and Statement of Facts Relevant to Sentencing:

### I. PLEA OF GUILTY

David Ansberry intends to plead guilty to the Indictment which charges him with a violation of 18 U.S.C. § 2332a(a)(2), **without a plea agreement**.

### II. ELEMENTS OF THE OFFENSE

David Ansberry submits that the elements of 18 U.S.C. § 2332a(a)(2) are as follows:

*First*: The person did, without lawful authority, attempt to use an item defined in 18 U.S.C. § 2332a(c)(2), namely a destructive device, as defined in 18 U.S.C. § 921;

*Second*: The person did so against property within the United States; and

*Third*: The mail or any facility of interstate or foreign commerce was used in furtherance of the offense.



NOTE: In 18 U.S.C. § 921, the term "destructive device" is defined to include, *inter alia*, an explosive bomb or similar device.

**The United States advises that it agrees (X), disagrees ( ), or takes no position ( ).**

### III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 2332a is not more than a term of life imprisonment; not more than a $250,000 fine, or both; not more than 5 years supervised release; a $100 special assessment fee; and restitution if applicable.

A violation of the conditions of probation or supervised release may result in a separate prison sentence and additional supervision.

**The United States advises that it agrees ( ), disagrees (X), or takes no position ( ).**

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. If Mr. Ansberry is an alien, the conviction may cause him to be deported or confined indefinitely if there is no country to which he may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

### V. FACTUAL BASIS TO SUPPORT THE PLEA OF GUILTY

David Ansberry admits to the following:

Between 4:56 a.m. and 5:14 a.m. on October 11, 2016, David Ansberry made several calls on a cellular phone in an attempt to detonate a small destructive device that was in a backpack outside of the police station in Nederland, Colorado. The device failed to detonate. Mr. Ansberry had previously purchased the cellular telephone from a King Soopers store in order to use it for this purpose. The telephone operated using the AT&T network.

Contrary to statements made by the government at the detention hearing in this case, the destructive device did not contain arsenic or any other poison. Government testing has subsequently confirmed this.

Further, the destructive devise was not intended to cause casualties or mass destruction.

**The United States advises that it agrees ( ), disagrees (X), or takes no position ( ).**

## VI. SENTENCING COMPUTATION

David Ansberry understands that sentencing is determined pursuant to 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, Mr. Ansberry sets forth below his estimate of the advisory guideline range called for by the United States Sentencing Guidelines.

David Ansberry estimates the advisory guidelines apply as follows:

A. Mr. Ansberry disagrees with the government that U.S.S.G. § 2M6.1 applies. *See* ECF Doc. No. 34 at 7. The correct applicable guideline is § 2K1.4. Further, subsection (a)(1) of § 2K1.4 does not apply because the offense did not involve knowingly creating a substantial risk of death of serious bodily injury, nor did the offense involve the attempted destruction of any facility or place of public use. Instead, subsection (a)(2)(C) of § 2K1.4 applies, with a base offense level of 20, because the offense endangered a place of public use.

B. No specific offense characteristics apply.

C. The only specific Chapter III adjustment that applies is § 3E1.1 (a three-level adjustment for acceptance of responsibility). Mr. Ansberry does not believe that either §§ 3A1.2(a) or 3A1.4 applies. *See* ECF Doc. No. 34 at 8.

D. The adjusted offense level would be 17.

E. Mr. Ansberry's criminal history category is estimated as Category I.

F. Assuming the accuracy of the criminal history estimate, the Career Offender guideline and the Armed Career Criminal statute do not apply.

G. The advisory guideline range of imprisonment resulting from an offense level of 17 and a criminal history category of I is 24-30 months. In order to be as accurate as possible, with the criminal history category undetermined at this time, the range could conceivably extend from as low as 24 months (bottom of Category I) to as high as 63 months (top of Category VI).

H. Pursuant to guideline § 5E1.2, the fine range for this offense would be $10,000 to $95,000, plus applicable interest and penalties.

I. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is 2 to 5 years.

**The United States advises that it agrees ( ), disagrees (X), or takes no position ( ).**

David Ansberry understands that although the Court will consider the above estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by any estimate calculated herein, regardless of whether agreed to by the government.

No estimate regarding the guideline range precludes Mr. Ansberry or the government from asking the Court, within the overall context of the guidelines, to depart from the guideline range at sentencing if Mr. Ansberry or the government believes a departure is specifically

4

authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate regarding the guideline range precludes Mr. Ansberry or the government from asking the Court to vary from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

David Ansberry understands the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose a sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range - up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party.

Date: 7/14/17

DAVID MICHAEL ANSBERRY
Defendant

Date: 7/14/17

David Johnson
Attorney for Defendant

**As to matters agreed to by the United States:**

Date: 7/18/2017

Gregory Holloway WSBA #28743
Assistant U.S. Attorney